1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**


CHENOA MARIE SMITH,         ) Case No. CV 15-00883-MMM (KK)
                                )
               Plaintiff,  )
                                ) ORDER DISMISSING COMPLAINT WITH
           vs.             ) LEAVE TO AMEND
                                )
                                )
SHERIFF BILL BROWN, et al.,  )
                                )
              Defendants.  )
                                )

    On February 6, 2015, Plaintiff Chenoa Marie Smith ("Plaintiff"), proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").  The Court has now screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2).  Based upon the reasons set forth below, the Court dismisses the Complaint with leave to amend.

**STANDARD OF REVIEW**

    The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of

1   sufficient facts alleged to support a cognizable legal theory."
2   Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035,
3   1041 (9th Cir. 2010) (internal quotation marks omitted); accord
4   O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008).   In
5   considering whether a complaint states a claim, a court must
6   accept as true all the factual allegations in it.   Ashcroft v.
7   Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868
8   (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).
9   The court need not accept as true, however, "allegations that are
10  merely conclusory, unwarranted deductions of fact, or
11  unreasonable inferences."   In re Gilead Scis. Sec. Litig., 536
12  F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks
13  omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th
14  Cir. 2012) (finding that district court properly dismissed claim
15  when plaintiff's "conclusory allegations" did not support it).

16      Although a complaint need not include detailed factual
17  allegations, it "must contain sufficient factual matter, accepted
18  as true, to 'state a claim to relief that is plausible on its
19  face.'"   Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v.
20  Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929
21  (2007)).   A claim is facially plausible when it "allows the court
22  to draw the reasonable inference that the defendant is liable for
23  the misconduct alleged."   Iqbal, 556 U.S. at 678.   "A document
24  filed pro se is to be liberally construed, and a pro se
25  complaint, however inartfully pleaded, must be held to less
26  stringent standards than formal pleadings drafted by lawyers."
27  Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed.
28  2d 1081 (2007) (citations and internal quotation marks omitted).

1
                              **DISCUSSION**

2  **I.    The Complaint Fails to Comply with the Pleading Requirements**

3  **      of Rule 8 of the Federal Rules of Civil Procedure**

4          Rule 8(a) requires that a complaint contain "a short and

5  plain statement of the claim showing that the pleader is entitled

6  to relief."  Further, Rule 8(d)(1) provides that "[e]ach

7  allegation must be simple, concise, and direct."  As the Supreme

8  Court has held, Rule 8(a) "requires a 'showing,' rather than a

9  blanket assertion, of entitlement to relief."  See Twombly, 550

10 U.S. at 555 n.3.  Complaints that are "argumentative, prolix,

11 replete with redundancy, and largely irrelevant" and that

12 "consist[] largely of immaterial background information" are

13 subject to dismissal under Rule 8.  See McHenry v. Renne, 84 F.3d

14 1172, 1177 (9th Cir. 1996).

15         In the instant case, it is difficult for the Court to

16 determine the exact nature of Plaintiff's claims.  Although

17 Plaintiff purports to file her claim under 42 U.S.C. section 1983

18 ("Section 1983"), she fails to provide sufficient detail

19 regarding the basis for her claim.  In order to state a claim for

20 a civil rights violation under Section 1983, a plaintiff must

21 allege that a particular defendant, acting under color of state

22 law, deprived plaintiff of a right guaranteed under the U.S.

23 Constitution or a federal statute.  42 U.S.C. § 1983; see West v.

24 Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40

25 (1988).  Here, Plaintiff does not specify what constitutional

26 provision was allegedly violated; she does not specify a date on

27 which the constitutional harm was allegedly committed; nor does

28 she specify what actions were allegedly committed by which actors

                                    3

1  in order to produce the alleged constitutional harm.

2       As a result of the Complaint's lack of clarity and
3  specificity, the Court cannot decipher the nature of Plaintiff's
4  claims.  For example, it is unclear whether Plaintiff is alleging
5  wrongful acts in relation to her underlying criminal case, or
6  whether she is purporting to assert a separate alleged wrong.
7  See e.g. Complaint at 5 (referencing Plaintiff's habeas corpus
8  petitions and stating "Plaintiff is unsure whether the criminal
9  division of the Court of Appeal is the appropriate venue to argue
10  for relief to remedy the issues above or if the United States
11  District Court is the appropriate venue.").  Unclear pleadings
12  such as the Complaint, that "leav[e] it to the Court to figure
13  out what the full array of [Plaintiff's] claims is and upon what
14  federal law, and upon what facts, each claim is based" remain
15  subject to dismissal. Little v. Baca, No. CV 13-0373 PA (RZ),
16  2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013).  Accordingly, the
17  Complaint must be dismissed.  See also Clayburn v. Schirmer, No.
18  CIV S-06-2182 ALA P, 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28,
19  2008) (Alarcón, Circuit J., sitting by designation) (dismissing
20  "long, rambling pleading" under Rule 8 and noting that "[t]he
21  court (and any defendant) should be able to read and understand
22  Plaintiff's pleading within minutes").

23       In amending the Complaint, Plaintiff must state each of her
24  claims separately and for each claim should identify "clearly and
25  precisely" and briefly the legal basis and the facts underlying
26  it.  See Bautista v. L.A. Cnty., 216 F.3d 837, 840-41 (9th Cir.
27  2000) ("Experience teaches that, unless cases are pleaded clearly
28  and precisely, issues are not joined, discovery is not

1  controlled, the trial court's docket becomes unmanageable, the
2  litigants suffer and society loses confidence in the court's
3  ability to administer justice."). Plaintiff should identify when
4  the alleged harm was committed, who caused the alleged harm, and
5  what actions were committed by each alleged wrongdoer.

6  **II.  Plaintiff Has Failed to State a Claim Against the Santa**
7  **Barbara County Board of Supervisors**

8      Plaintiff has sued the Santa Barbara County Board of
9  Supervisors.  Plaintiff alleges these defendants
10  "provide[]/supervise[] the policies and procedures for both pro
11  per civil plaintiffs and civil plaintiffs who need accomodations
12  per C.F.R. Pt. 35, App. B who are incarcerated in Santa Barbara
13  County Jail along with the pre-requisite funding."  Complaint at
14  3.

15      Municipalities and other local government units are
16  considered "persons" under § 1983 and therefore may be liable for
17  causing a constitutional deprivation.  <u>Monell v. Dep't of Soc.</u>
18  <u>Servs.</u>, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611
19  (1978); <u>Long v. Cnty. of L.A.</u>, 442 F.3d 1178, 1185 (9th Cir.
20  2006).  However, because no <u>respondeat superior</u> liability exists
21  under § 1983, a municipality is liable only for injuries that
22  arise from an official policy or longstanding custom.  <u>Monell</u>,
23  436 U.S. at 694; <u>City of Canton v. Harris</u>, 489 U.S. 378, 385, 109
24  S. Ct. 1197, 103 L. Ed. 2d 412 (1989).  A plaintiff must show
25  "that a [county] employee committed the alleged constitutional
26  violation pursuant to a formal governmental policy or a
27  longstanding practice or custom which constitutes the standard
28  operating procedure of the local governmental entity."  <u>Gillette</u>

1  v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal
2  quotation marks omitted).  In addition, she must show that the
3  policy was "(1) the cause in fact and (2) the proximate cause of
4  the constitutional deprivation."  Trevino v. Gates, 99 F.3d 911,
5  918 (9th Cir. 1996).  "Liability for improper custom may not be
6  predicated on isolated or sporadic incidents; it must be founded
7  upon practices of sufficient duration, frequency and consistency
8  that the conduct has become a traditional method of carrying out
9  policy."  Id. at 918; Thompson v. Los Angeles, 885 F.2d 1439,
10 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood
11 meaning of custom, proof of random acts or isolated events are
12 [sic] insufficient to establish custom."), overruled on other
13 grounds by Bull v. City & Cnty. of S.F., 595 F.3d 964, 981 (9th
14 Cir. 2010) (en banc).

15         As a preliminary matter, the entity that would be the real
16 party in interest is ultimately Santa Barbara County (not the
17 Board of Supervisors).  Moreover, Plaintiff has failed to
18 specifically identify any official policy or longstanding custom
19 or practice of Santa Barbara County that is violative of her
20 constitutional rights.  Plaintiff thus has not properly stated a
21 municipal claim.  See Harris, 489 U.S. at 385 (to state claim
22 against municipality, plaintiff must show that "there is a direct
23 causal link between a municipal policy or custom and the alleged
24 constitutional deprivation"); see also Iqbal, 556 U.S. at 678
25 (vague and conclusory allegations not sufficient to state claim).
26 Accordingly, her claims against the Santa Barbara County Board of
27 Supervisors must be dismissed.
28 ///

**III. Plaintiff Has Failed to State a Claim Against Sheriff Bill Brown in his Official Capacity**

Plaintiff also sues Sheriff Bill Brown in his official capacity.  The U.S. Supreme Court has held an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.  Moreover, a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694.

Here, Plaintiff sues Sheriff Bill Brown in his official capacity.  Accordingly, for purposes of Plaintiff's federal civil rights claims here, the entity that would be the real party in interest in any official-capacity suit against the named individual defendants is ultimately Santa Barbara County (not the individual defendant).  As discussed above, the Complaint fails to state a claim against any municipality.  Therefore, Plaintiff's official capacity claim against Sheriff Bill Brown must be dismissed.

///

7

**IV. Plaintiff Has Failed to State a Claim Against Sheriff Bill Brown in his Individual Capacity**

Plaintiff also sues Sheriff Bill Brown in his individual capacity. Suits against government officials under Section 1983 in their individual capacities "seek to impose personal liability upon a government official for actions he takes under color of state law." Graham, 473 U.S. at 165. "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In short, "there must be a showing of personal participation in the alleged rights deprivation . . . ." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (internal citation omitted). See also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

Here, the Complaint does not allege facts showing Sheriff Bill Brown was personally involved in the violation of Plaintiff's constitutional rights. Rather, the Complaint only makes conclusory allegations that Sheriff Bill Brown is responsible for "provid[ing]/supervis[ing]. . . policies and procedures." Complaint at 3. Such allegations are insufficient. Therefore, Plaintiff's individual capacity claim against Sheriff Bill Brown must also be dismissed.

///

///

**LEAVE TO FILE FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal.  As the court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT:

1)   On or before **March 17, 2015**, Plaintiff may file a First Amended Complaint ("FAC") to attempt to cure the deficiencies discussed above.  The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the FAC, which plaintiff is encouraged to utilize.

2)   If Plaintiff chooses to file a FAC, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  The FAC must be complete in and of itself, without reference to the original complaint or any other pleading, attachment or document.

An amended complaint supersedes the preceding complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the court will treat all preceding complaints as nonexistent.  Id.  Because the court grants Plaintiff leave to amend as to all his claims raised here, any claim that was raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

///

///

9

1    **Plaintiff is admonished that if she fails to timely file a**

2    **sufficient FAC, the Court will recommend that this action be**

3    **dismissed with prejudice on the grounds set forth above and/or**

4    **for failure to diligently prosecute.**

5

6

7    DATED: February 23, 2015    _____

8                                 HON. KENLY KIYA KATO
                                   U.S. MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28