**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHENOA MARIE SMITH,<br><br>      Plaintiff,<br><br>   v.<br><br>SHERIFF BILL BROWN, et al.,<br><br>      Defendants. | Case No. CV 15-00883-MMM (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

On February 6, 2015, Plaintiff Chenoa Marie Smith ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). Following the Court's screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court dismissed the Complaint with leave to amend. On February 25, 2015, Plaintiff filed a First Amended Complaint ("FAC"). After screening the FAC, the Court dismisses the FAC with leave to amend for the reasons set forth below.

**STANDARD OF REVIEW**

The Court's screening of a complaint under 28 U.S.C.

1

§ 1915(e)(2) is governed by the following standards.  A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008).  In considering whether a complaint states a claim, a court must accept as true all the factual allegations in it.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted).

## DISCUSSION

### I. The FAC Again Fails to Comply with the Pleading Requirements of Rule 8 of the Federal Rules of Civil Procedure

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Twombly, 550 U.S. at 555 n.3. Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

Like the original Complaint, the FAC is unclear and difficult to understand. Plaintiff names the same two defendants (Santa Barbara County Board of Supervisors and Sheriff Bill Brown) under 42 U.S.C. section 1983 ("Section 1983") but again fails to provide sufficient detail regarding the basis for her claim. Rather, Plaintiff provides detailed information regarding facts that have no clear relationship to the named defendants. As a result, the FAC fails to comply with Rule 8's requirement of a "simple, concise, and direct" pleading.

As Plaintiff was previously informed, in order to state a claim for a civil rights violation under Section 1983, a

plaintiff must allege that a particular defendant, acting under color of state law, deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).  Here, Plaintiff does not specify what action a **named defendant** took; she does not specify on what date the **named defendant** allegedly took such action; nor does she specify what constitutional harm resulted from the alleged action of the **named defendant**.

As Plaintiff was previously advised, in amending the FAC Plaintiff must state each of her claims separately and for each claim should identify "clearly and precisely" and briefly the legal basis and the facts underlying it.  See Bautista v. L.A. Cnty., 216 F.3d 837, 840-41 (9th Cir. 2000) ("Experience teaches that, unless cases are pleaded clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer and society loses confidence in the court's ability to administer justice."). Plaintiff should limit her allegations to the **named defendants**, and identify when the alleged harm was committed by a named defendant, which named defendant caused the alleged harm, what actions were committed by the named defendant, and what constitutional violation resulted from the named defendant's alleged action.

**II.  Plaintiff Has Again Failed to State a Claim Against the Santa Barbara County Board of Supervisors**

Once again, Plaintiff sues the Santa Barbara County Board of Supervisors based upon a supervisory role.  FAC at 1, 3.

Municipalities and other local government units are considered "persons" under § 1983 and therefore may be liable for causing a constitutional deprivation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006). However, because no respondeat superior liability exists under § 1983, a municipality is liable only for injuries that arise from an official policy or longstanding custom. Monell, 436 U.S. at 694; City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). A plaintiff must show "that a [county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotation marks omitted). In addition, she must show that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Id. at 918; Thompson v. Los Angeles, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are [sic] insufficient to establish custom."), overruled on other grounds by Bull v. City & Cnty. of S.F., 595 F.3d 964, 981 (9th Cir. 2010) (*en banc*).

As a preliminary matter, Plaintiff is once again advised that the entity that would be the real party in interest is ultimately Santa Barbara County (not the Board of Supervisors). Moreover, Plaintiff has once again failed to specifically identify any official policy or longstanding custom or practice of Santa Barbara County that is violative of her constitutional rights. Plaintiff thus has not properly stated a municipal claim. See Harris, 489 U.S. at 385 (to state claim against municipality, plaintiff must show that "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation"); see also Iqbal, 556 U.S. at 678 (vague and conclusory allegations not sufficient to state claim). Accordingly, her claims against the Santa Barbara County Board of Supervisors must be dismissed.

**III. Plaintiff Has Again Failed to State a Claim Against Sheriff Bill Brown in his Official Capacity**

Plaintiff again sues Sheriff Bill Brown in his official capacity. The U.S. Supreme Court has held an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Moreover, a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or

custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694.

Here, Plaintiff sues Sheriff Bill Brown in his official capacity. Accordingly, as Plaintiff was previously advised, the entity that would be the real party in interest in any official-capacity suit against the named individual defendants is ultimately Santa Barbara County (not the individual defendant). As discussed above, the Complaint fails to state a claim against any municipality. Therefore, Plaintiff's official capacity claim against Sheriff Bill Brown must be dismissed.

**IV. Plaintiff Has Again Failed to State a Claim Against Sheriff Bill Brown in his Individual Capacity**

Plaintiff again sues Sheriff Bill Brown in his individual capacity. Suits against government officials under Section 1983 in their individual capacities "seek to impose personal liability upon a government official for actions he takes under color of state law." Graham, 473 U.S. at 165. "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In short, "there must be a showing of personal participation in the alleged rights deprivation . . . ." Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (internal citation omitted). See also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

7

1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

Here, the FAC does not allege facts showing Sheriff Bill Brown was personally involved in the violation of Plaintiff's constitutional rights. Rather, the FAC again relies upon a theory of supervisory liability. FAC at 3. Such allegations are insufficient. Therefore, Plaintiff's individual capacity claim against Sheriff Bill Brown must also be dismissed.

## LEAVE TO FILE SECOND AMENDED COMPLAINT

For the foregoing reasons, the FAC is subject to dismissal. As the court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, Plaintiff is advised that because any Second Amended Complaint will be plaintiff's **second** opportunity to amend her complaint to rectify pleading deficiencies, the Court may not be disposed toward another dismissal without prejudice and with leave to amend. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (Valerie Baker Fairbank, J.) (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); see also Zavala v. Bartnik, 348 F. App'x 211, 213 (9th Cir. 2009) ("Dismissal with prejudice was proper because Zavala was given two prior opportunities to amend his complaint in order to correct the deficiencies identified by the district court but failed to do so.").

Accordingly, IT IS ORDERED THAT:

1) On or before **March 17, 2015**, Plaintiff may file a Second Amended Complaint ("SAC") to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the SAC, which plaintiff is encouraged to utilize.

2) If Plaintiff chooses to file a SAC, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. The SAC must be complete in and of itself, without reference to the original complaint or any other pleading, attachment or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court will treat all preceding complaints as nonexistent. Id. Because the court grants Plaintiff leave to amend as to all his claims raised here, any claim that was raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

///
///
///
///
///
///

1 **Plaintiff is admonished that if she fails to timely file a**
2 **sufficient SAC, the Court will recommend that this action be**
3 **dismissed with prejudice on the grounds set forth above and/or**
4 **for failure to diligently prosecute.**

7 DATED: March 3, 2015 _____
     HON. KENLY KIYA KATO
8    U.S. MAGISTRATE JUDGE